**SIGNED.**



09-19098▬▬▬▬▬▬▬▬▬  **Dated: February 22, 2010**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**

| | |
|---|---|
| IN RE:<br><br>Tami Leighton Antonini and Steven Anthony Antonini<br>　　　　　　Debtors.<br>_____<br>Bank of America, N.A.<br>　　　　Movant,<br>　　vs.<br>Tami Leighton Antonini and Steven Anthony Antonini, Debtors; Edward J. Maney, Trustee.<br>　　　　Respondents. | Chapter 13<br><br>(Rel. Dkt# 34)<br><br>**ORDER SETTING PRELIMINARY HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ESTABLISHING PROCEDURES FOR PRESENTATION OF EVIDENCE AT FINAL HEARING** |

　　　The Movant having filed a Motion for Relief from Stay (the "Motion") in the above-captioned proceeding and an objection thereto having been filed;

　　　**IT IS ORDERED THAT:**

　　　1. The provisions of Local Bankruptcy Rule 4001-1 (Local Order No. 67) shall apply to all further proceedings on the Motion, except as modified by this Order.

　　　2. Unless otherwise ordered by the Court, the provisions of Rule 26(a) (1), (d), (e) (1), (f), and (g) (1), Federal Rules of Civil Procedure (as amended 1993), otherwise made applicable to this proceeding by Rules of Bankruptcy Procedure 9014 and 7026, shall not apply to further proceedings on the Motion. To the extent necessary, the timing of the disclosures required under Rule 26(a) (2) or 26(a) (3) shall be accelerated to comply with Local Bankruptcy Rule 4001-1 (Local Order No. 67) or this Order.

　　　3. A preliminary hearing on the Motion for Relief from the Stay shall be held on _March 17, 2010_ at _1:30 p.m._, at the United States Bankruptcy Court, **230 N. First Avenue, 7th Floor, Courtroom 701, Phoenix, AZ**. The Court will either resolve the Motion at that hearing or set a final hearing. <u>A preliminary hearing calendar contemplates a hearing of no more than 5 minutes, with no more than 15 minutes devoted to any one matter.</u> If Movant or Movant's counsel requires more time on a matter, or believes that because of the number of parties involved or the complexity of the factual and/or legal issues involved that more time is necessary, Movant or Movant's counsel must contact the Courtroom Deputy and obtain a hearing date and time to be noticed out to interested parties. The respondent shall appear personally or by counsel at all hearings for relief from stay.

　　　4. At least three (3) days prior to the preliminary hearing the parties must electronically file and serve declarations or affidavits to support their respective positions. FAILURE TO FILE THESE DECLARATIONS MAY AFFECT THE COURT'S RULING ON THIS MATTER, EITHER SUMMARILY GRANTING OR DENYING THE RELIEF REQUESTED.

5. At the preliminary hearing, the Movant must present a <u>prima facie</u> case that the automatic stay should be vacated. An affidavit or declaration may be utilized for such purposes.

6. At the preliminary hearing, the objecting party must present evidence that "there is reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of the final hearing." 11 U.S.C. § 362(e). An affidavit or declaration may be sufficient for such purposes.

7. If the Court concludes, at the preliminary hearing or pursuant to the stipulation of the parties, that a final hearing must be conducted in this matter, the parties shall advise the Court, after personal consultation,

  (a) whether the final hearing shall be conducted as oral argument or as an evidentiary hearing;

  (b) if the final hearing is to be presented as oral argument, the proposed briefing schedule;

  (c) if the final hearing is to be conducted as an evidentiary hearing, whether

    (i) any discovery must be conducted and the proposed procedure and time deadlines to accomplish same;

    (ii) a joint pretrial order is to be filed, and the proposed date to file same; and/or

    (iii) the parties intend simply to file and serve a list of witnesses and exhibits and exchange all exhibits <u>one week</u> prior to the final hearing (See Local Bankruptcy Rule 4001 (I) ).

8. If the parties stipulate to a final hearing only being conducted on this matter, the parties shall present a form of order vacating the preliminary hearing (if necessary) and requesting that the automatic stay remain in place pending further order of the Court.

9. The automatic stay shall remain in place at least pending the conclusion of the preliminary hearing.

10. If the procedure outlined herein is not followed by a party, it may result in the imposition of sanctions, which may include summarily granting or denying the relief requested.

11. Movant shall provide notice of this order to all interested parties and file a certificate of service thereon pursuant to Bankruptcy Rule 9013-1 (j) (C).

Dated:

---

HONORABLE SARAH SHARER CURLEY CHIEF
UNITED STATES BANKRUPTCY JUDGE